# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
No. 20-98V
UNPUBLISHED

| | |
|---|---|
| PATRICIA SNELSON,<br><br>                     Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>                     Respondent. | Chief Special Master Corcoran<br><br>Filed: October 14, 2021<br><br>Special Processing Unit (SPU);<br>Ruling on Entitlement; Concession;<br>Table Injury; Influenza (Flu) Vaccine;<br>Shoulder Injury Related to Vaccine<br>Administration (SIRVA) |

*Emily Beth Ashe*, Anapol Weiss, Philadelphia, PA, for Petitioner.

*Terrence Kevin Mangan, Jr.*, U.S. Department of Justice, Washington, DC, for Respondent.

### RULING ON ENTITLEMENT[1]

On January 29, 2020, Patricia Snelson filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleges that that she suffered a Table injury – Shoulder Injury Related to Vaccine Administration ("SIRVA") as a result of her November 14, 2018 influenza ("flu") vaccination. Amended Petition, filed September 23, 2020, at 1. Petitioner further alleges that the vaccine was administered within the United States, that she suffered the residual effects of her injury for more than six months, and that there has been no prior award or settlement of a civil action on her behalf as a result of her injury. *See* Amended Petition ¶¶ 3, 23-24. The case was assigned to the Special Processing Unit of the Office of Special Masters.

---

[1] Because this unpublished Ruling contains a reasoned explanation for the action in this case, I am required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002.  44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the Ruling will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755.  Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

On October 13, 2021, Respondent filed his Rule 4(c) report in which he concedes that Petitioner is entitled to compensation in this case. Respondent's Rule 4(c) Report at 1. Specifically, Respondent indicates that

> [m]edical personnel at the Division of Injury Compensation Programs, Department of Health and Human Services (DICP), have reviewed the facts of this case and concluded that petitioner's alleged injury is consistent with SIRVA, as defined on the Vaccine Injury Table. Specifically, petitioner had no apparent history of pain, inflammation or dysfunction in her left shoulder; she more likely than not suffered the onset of pain within forty-eight hours of vaccine administration; her pain and reduced range of motion were limited to the shoulder in which the intramuscular vaccine was administered; and there is no other condition or abnormality present that would explain petitioner's symptoms. 42 C.F.R. § 100.3(a), (c)(10). Therefore, petitioner is entitled to a presumption of vaccine causation.

*Id.* at 3. Respondent further agrees that

> [w]ith respect to other statutory and jurisdictional issues, the records show that petitioner's claim was timely filed, that the vaccine was received in the United States, and that petitioner satisfies the statutory severity requirement by suffering the residual effects or complications of her injury for more than six months after vaccine administration. *See* 42 U.S.C. §§ 300aa-11(c)(1)(D)(i). Petitioner also avers that she has not filed a civil action for her vaccine-related injuries and has "never received any compensation in the form of award" or civil settlement for her vaccine-related injury. Petition at 5. Thus, based on the record as it now stands, petitioner has satisfied all legal prerequisites for compensation under the Act.

*Id.* at 3-4.

**In view of Respondent's position and the evidence of record, I find that Petitioner is entitled to compensation.**

**IT IS SO ORDERED.**

<u>s/Brian H. Corcoran</u>
Brian H. Corcoran
Chief Special Master
